# Republic Iron & Steel Co. *v*. White.

## *Damages for Personal Injury.*

(Decided June 17, 1909.    Rehearing denied June 30, 1909.
50 South. 141.)

1. *Railroads; Trespassers.*—One is not necessarily a trespasser because on a railroad track, if at that point the track is on or in a public highway.

2. *Negligence; Dangerous Premises; Jury Question.*—Where a witness testified that the scales had been removed under the direction of the defendant's superintendent, that a hole was left there, that no light or railing was put there as a warning, and that the superintendent was unknown to plaintiff, the liability of the defendant was a question for the jury, the action being for injuries caused by falling into the unguarded hole from which the scales had been removed.

3. *Same; Instructions.*—An instruction which exonerated the defendant from any liability if it maintained the scales solely for the purpose of weighing cars, and which pretermitted liability if the scales had been in a public highway, or at a point used generally as a passageway, was properly refused as misleading, in an action for injuries caused by falling into the hole from which weighing scales have been removed and which had been left unguarded.

4. *Appeal and Error; Objections to Evidence; Necessity of Ruling.* —When a party fails to invoke a ruling on some of his objections to the testimony of the witness and fails to except when a ruling is made, he cannot complain of the overruling of a motion to exclude all of the evidence of such witness.

5. *Trial; Reception of Evidence; Objection.*—Where witness testified to the correctness of a map as showing the surroundings, the map was competent evidence in connection with the witness's testimony, whether official or not, and objections must be made, specifically to parts of the map not relating to matters testified to by the witness.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by William F. White against the Republic Iron & Steel Company for a personal injury resulting from falling into a hole from which weighing scales which had formerly occupied it had been removed and the hole left unguarded without lights or other signals of danger.

From a judgment for plaintiff, defendant appeals. Affirmed.

The following charges were refused to the defendant: (2) "If you believe from the evidence that the plaintiff was injured while walking along the track or tracks of the Alabama Great Southern Railway Company, or of any other railroad company, then I charge you that plaintiff was a trespasser and cannot recover in this case." (4) "If you believe from the evidence that the platform of the scales was maintained solely for the purpose of furnishing means for the weighing of cars, and was used by defendant solely for that purpose, then I charge you the defendant would be under no duty of keeping said platform, or the space occupied by it, in a safe condition as a passageway for defendant's employes in going to and from their work." (7) "If you believe from the evidence that the railroad tracks constructed from defendant's rolling mill premises to the track scales were constructed and used by the defendant solely for the purpose of furnishing a way for transporting cars to the scales to be weighed, then I charge you that defendant would be under no duty whatever to keep said track or any part thereof in a safe condition for foot passengers."

PERCY, BENNERS & BURR, for appellant.—The court should have given the general affirmative charge as to the 7th count. The court should have excluded the testimony of the witness Schoel, and should have excluded the map.—*A. G. S. v. Godfrey*, 47 South. 185. The court should have given charges 4 and 7.—*Geis v. Tenn. C. C. I. & R. R. Co.*, 143 Ala. 299.

BOWMAN, HARSH & BEDDOW, for appellee.—Counsel discuss the various assignments of error and criticise the

authorities cited by appellant, but cite no authority in support of their contention.

ANDERSON, J.—We do not think that the trial court erred in refusing charge 1, the general charge as to count 7, requested by the defendant. The witness Bowman testified that the scales were removed under the direction of defendant's superintendent; that a hole was left there, and no light or railing was left or put there as a warning or protection. There was also proof from which the jury could infer that said superintendent was unknown to the plaintiff.

The trial court will not be put in error for overruling the motion to exclude all of Schoel's evidence "to the effect that the scales were in the alleyway." There were several objections to this witness' testimony, and the defendant failed to invoke a ruling as to some of its objections, or to except when a ruling was made, and could not thus waive its specific objections and put the trial court in error by such a general motion to exclude, in effect requiring the court to go back and seek out all the evidence to the effect that the scales were in the alleyway."

Nor was there error in permitting the plaintiff to introduce the map marked "Exhibit B." Whether an official map or not, it had been testified to by two witnesses as properly showing the surroundings at the point of the injury, and was competent in connection with their testimony. If any parts of it did not relate to facts testified to by them, objection should have been made to those parts, and not to the map in its entirety.

Charge 2, requested by the defendant, was properly refused. If not otherwise bad, the plaintiff was not necessarily a trespasser because on a railroad track, if at the point of injury the track was in or upon a public highway.

There was no error in refusing charges 4 and 7 requested by the defendant. If not otherwise bad, they are calculated to mislead the jury into exonerating the defendant from any liability for the hole or pit, if it maintained the scales solely for the purpose of weighing cars, thus pretermitting its liability if said scales were in a public highway, or at a point used generally as a passageway. The defendant may have maintained the scales for a sole purpose, yet they may have been at a point where a duty existed to not create or permit the hole or opening in question.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.

